**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
ALEXIS M. WOOD (270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Phone: (619) 696-9006
Fax: (619) 564-6665

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREVOR DIXON, on behalf of himself, all others similarly situated and the general public,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Magna-Rx, Inc.<br><br>　　　　　　Defendant. | Case No: 2:14-cv-07196<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S:**<br><br>**UNFAIR COMPETITION LAW; FALSE ADVERTISING LAW; AND CONSUMER LEGAL REMEDIES ACT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Trevor Dixon, on behalf of himself, all others similarly situated, and the general public, by and through his undersigned counsel, hereby sues Defendant Magna-Rx, Inc. ("Defendant"), and alleges the following upon his own knowledge, or where he lacks personal knowledge, upon information and belief and the investigation of his counsel.

## INTRODUCTION

1. Defendant falsely markets the dietary supplement "Magna-Rx+" (the "Product") as having beneficial health and aphrodisiac properties to improve male strength and performance, despite that none of the ingredients in the Product, individually or in combination, provide such benefits.

2. Plaintiff read, believed, and relied upon Defendant's claims when purchasing the Product during the Class Period defined herein, and was damaged as a result.

3. Plaintiff brings this action challenging Defendant's claims relating to Magna-Rx+ on behalf of himself and all others similarly situated under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act.

4. Plaintiff seeks an order compelling Magna-Rx, Inc. to (1) cease marketing Magna-Rx+ using the misleading tactics complained of herein, (2) conduct a corrective advertising campaign, (3) restore the amounts by which Magna-Rx, Inc. has been unjustly enriched, (4) destroy all misleading and deceptive materials, and for (5) damages and punitive damages as allowed by law.

## JURISDICTION & VENUE

5. The Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because more than two-thirds of the members of the class reside in a state other than the state in which Defendant is a citizen.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because plaintiff resides in and suffered injuries as a result of Defendant's acts in this district, many of the acts and transactions giving rise to this action occurred in this District, and Defendant is authorized to conduct business in this District, have intentionally availed itself of the laws

1 and markets of this District through the promotion, marketing, distribution, and sale of the
2 Product in this District; and are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff Trevor Dixon is a resident of Inglewood, California.

8. Defendant Magna-Rx, Inc. is California corporation with its principal place of business located at 31324 Via Colinas in Westlake Village, California 91362. Defendant is registered to do business in California as entity number C2662302.

## FACTUAL ALLEGATIONS

9. In or around March 2013, Plaintiff purchased Magna-Rx+ from a GNC store on Century Boulevard in Inglewood, California. The cost was approximately $50.

10. At the time of purchase Plaintiff saw and relied upon the deceptive claims (as detailed below) in deciding to purchase Magna-Rx+.

11. Mr. Dixon first discovered Defendant's unlawful acts described herein in January of 2014, when he learned that the labels of Defendant's Product were untrue and/or misleading, and that Magna-Rx+ violates the Federal Food, Drug and Cosmetic Act ("FDCA") and its implementing regulations.

12. Plaintiff is a reasonably diligent consumer and exercised reasonable diligence in his purchasing and use of Magna-Rx+, but he could not have discovered Defendant's unlawful acts earlier because the violations were known to Defendant, and not to Plaintiff, throughout the Class Period defined herein.

13. Like nearly all consumers, Plaintiff is not a nutritionist, dietary or supplement expert, or dietary scientist but rather a lay consumer who did not have the specialized knowledge that Defendant had.

14. Throughout the Class Period, Defendant has used various methods to represent the purported medicinal, healthful, and/or beneficial qualities of Magna-Rx+. Such representations and claims, however, are false and/or misleading since Magna-Rx+ does not provide the purported benefits it promises.

15. The senior officers and directors of Defendant, including Steve Moidel— the president of Magna, Rx, Inc.— allowed Magna, Rx+ to be sold with full knowledge or reckless disregard that the challenged claims are fraudulent, unlawful, and misleading. They had additional notice of this when a previous class action was filed against Magna-Rx, Inc., yet chose to continue to sell Magna-Rx+.

16. Absent the misstatements and fraudulent claims described herein, Plaintiff would not have purchased Magna-Rx+.

**Specific Misrepresentations**





3

*Dixon v. Magna-Rx, Inc.*
CLASS ACTION COMPLAINT

17. **Misleading supplement name:** Defendant prominently labels its product under the name "Magna-Rx+" implying that it is of "Rx" strength despite that it fails to increase male strength and performance and it not effective as an aphrodisiac. The "Rx" also implies that it is designed and endorsed by medical professionals.

18. Moreover, the word "Magna," in context with other statements made on the label, suggests to a reasonable consumer that the Product can increase the size of the penis. There are no reliable scientific studies showing that the Product, or any of its ingredients, have any effect on the size of the penis.

19. **Misleading Doctor Endorsements:** The front of the label features the misleading sub-heading "Dr. Aguilar's Original." However, Dr. Aguilar played no role whatsoever in the development of Magna-Rx+. In sworn deposition testimony, the President of Magna-Rx, Inc. said that no employee or representative from his company has ever even spoken to Dr. Aguilar.

20. The Product's label gives reasonable consumers the impression that Dr. Aguilar is a leading member of the medical community in the United States as the Product purports to be "Made in the USA." However, Dr. Aguilar is not licensed to practice medicine in the United States and owns a small storefront "alternative medicine" clinic in Northern Mexico.

21. The Product's label is further misleading because it says "Real Doctors, Real Results" implying to a reasonable consumer that the product is endorsed and recommended by several doctors. However, the Product has never been endorsed or recommended by any doctors.

22. **Misleading Efficacy Claims:** The Product claims to give a user "Maximum Strength and Performance." and further says that a user will see "Real Results" and that the product is "Safe and Effective." The president of Magna-Rx+ has admitted in deposition testimony that the company does not have, and has never sought, any scientific testing regarding the efficacy of Magna-Rx+.

23. There are no reliable scientific studies showing that the Product, or any of its ingredients, are effective at increasing male strength and performance.

**The Composition of Magna-Rx+**

24. Magna-Rx+ consists of a blend of small amounts of extracts from herbs, roots, and other organic substances, some of which are purported to have an effect on the human body.

25. The figure below shows the ingredients in Magna-Rx+:

**Supplement Facts**
Serving Size: 2 Tablets
Servings Per Container: 30

| | Amount Per Serving | %DV |
|---|---|---|
| Pygeum (bark) | 582 mg | * |
| Maca (root) | 291 mg | * |
| Horny Goat Weed (Barrenwort) (aerials) | 232 mg | * |
| Oat Straw (grassy stalks) | 231 mg | * |
| Oyster Meat | 226 mg | * |
| Catuaba (bark) | 118 mg | * |
| Asian Ginseng (root) | 118 mg | * |
| L-Arginine HCl | 118 mg | * |
| Stinging Nettle (leaf) | 88 mg | * |
| Muira Puama (bark) | 58 mg | * |
| Orchic Substance | 58 mg | * |
| Cayenne (40,000 HU) (fruit) | 58 mg | * |
| Sarsaparilla (Smilax Medica) (root) | 29 mg | * |
| Astragalus (root) | 23 mg | * |
| Pumpkin (seed) | 23 mg | * |
| Licorice (root) | 23 mg | * |

*Daily Value (DV) not established.

26. Magna-Rx+, by means of its ingredients, claims to increase "male strength and performance" and suggests to consumers that it is effective as an aphrodisiac drug product.

27. None of the ingredients in Magna-Rx+, individually or in combination, however, increase male strength and performance or are effective as an aphrodisiac.

28. While a few unreplicated scientific studies suggest ingredients in the Product may, in necessary amounts, have benefits to sufferers of certain specific conditions, many of the ingredients in the Products appear to have never been studied at all or have not otherwise been shown to have any effect on the human body, much less to increase male strength and performance.

29.     Further, consuming such random herbs and herbal extracts presents a risk of an allergic or other adverse reaction without any offsetting benefit.

**Violations of 21 C.F.R. § 310.528**

30.     The labeling described above, including but not limited to "Maximum Male Strength and Performance" and "#1 Male Performance Pill" alone and in context with other labeling claims and packaging graphics, evidence the Products' intended use as an aphrodisiac, to arouse or increase sexual desire or energy, or improve sexual performance.

31.     Pursuant to Title 21 of the Code of Federal Regulations, Part 310.528 (21 CFR § 310.528) any OTC drug product that is labeled, represented, or promoted for use as an aphrodisiac, like Magna-Rx+, is regarded as a "new drug" within the meaning of section 201(p) of the FDCA (located at 21 U.S.C. § 355(p)).

32.     The FDCA requires any new drug to have an application approved by the Food and Drug Administration ("FDA") before the drug can be marketed to the public, and further that the drug's label be approved by the FDA prior to marketing or selling the drug to the public. *See*, *generally*, *id.*; 21 U.S.C. §§ 355(a), (b) [New Drug Application], (j) [Abbreviated New Drug Application, for generic drugs].

33.     Defendant's Product violates Section 505(a) of the FDCA since the adequacy of the labeled directions for its "aphrodisiac" uses has not been approved by the FDA prior to the Products being marketed to the public (*see* 21 U.S.C. § 355(a)).[1] Accordingly, the Product is misbranded under section 502(f)(1) of the FDCA (located at 21 U.S.C. § 352).

34.     Further, Magna-Rx+ includes the ingredients: Horney Goat Weed, Muira Puma, Asian Ginseng, Oat Straw, and Catuaba. However, none of these are safe and effective for OTC use as an aphrodisiac. 21 C.F.R. § 310.528. The FDA bars these false, misleading, and unsupported by scientific data label claims. *Id.* Thus, based on the evidence currently available, any OTC drug product containing ingredients for use as an aphrodisiac,

---

[1] In addition to proving effectiveness, the manufacturer of a new drug must also prove the drug's safety, sufficient to meet FDA standards. 21 U.S.C. § 355(d).

including Magna-Rx+, cannot be generally recognized as safe and effective, and instead are misbranded new drugs. *See id.*

35. Plaintiff and members of the Class would not have purchased Magna-Rx+ if it were known to them that the Product is misbranded pursuant to FDA regulations.

## RELIANCE AND INJURY

36. When purchasing Magna-Rx+, Mr. Dixon was seeking a product that had the qualities described on the Product's label, namely, a high quality and effective doctor endorsed aphrodisiac that enhanced male performance.

37. When deciding to purchase Magna-Rx+, Plaintiff read and relied on the following deceptive claims contained on the packaging of Magna-Rx+. These statements were made by Defendant directly on the packaging of Magna-Rx+ at the time Plaintiff purchased Magna-Rx+:

   a. the Product's name, "Magna-Rx+"
   b. "Maximum Male Strength and Performance."
   c. "Dr. Aguilar's Original"
   d. "Made in the USA"
   e. "Real Doctors, Real Results"
   f. "Safe and Effective"
   g. "The World's #1 Male Performance Pill"
   h. "Best Selling Formula"
   i. The graphic of the smiling man and woman.

38. Based on these representations, Plaintiff believed Magna-Rx+ had powerful aphrodisiac qualities, was developed and recommended by doctors, and would improve male strength and performance.

39. Plaintiff believed Magna-Rx+ had the qualities he sought based on these deceptive labeling claims, but the Product was actually unsatisfactory to Plaintiff for the reasons described herein, *i.e.*, the Product did not deliver the purported benefits, there is no

evidence the ingredients in Magna-Rx+ could provide the claimed benefits, and the ingredients may actually impose an unreasonable risk of danger.

40. Magna-Rx+ costs more than similar products without misleading labeling, and would have cost less absent the false and misleading statements.

41. Plaintiff paid more for Magna-Rx+, and would only have been willing to pay less or unwilling to purchase the Product at all, absent the false and misleading labeling complained of herein. Plaintiff would not have purchased Magna-Rx+ absent these claims and advertisements.

42. For these reasons, Magna-Rx+ was worth less than what Plaintiff paid for it.

43. Instead of receiving a product that had actual and substantiated healthful or other beneficial qualities, the Product Plaintiff received was one which does not provide the claimed benefits.

44. Plaintiff lost money as a result of Defendant's deceptive claims and practices in that he did not receive what he paid for when purchasing Magna-Rx+.

45. Plaintiff altered his position to his detriment and suffered damages in an amount equal to the amount he paid for.

## CLASS ACTION ALLEGATIONS

46. Pursuant to Rule 23, plaintiff seeks to represent a Class comprised of all persons in the United States (excluding officers, directors, and employees of Magna-Rx, Inc.) who purchased Magna-Rx+ primarily for personal, family, or household use, and not for resale within the four years prior to the filing of the current Complaint.

47. The members in the proposed class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and Court.

48. Questions of law and fact common to plaintiff and the class include:

    A. whether Defendant contributed to, committed, and/or is responsible for the conduct alleged herein;

    B.    Whether Defendant's conduct constitutes the violations of law alleged herein;

    C.    Whether Defendant acted willfully, recklessly, negligently, or with gross negligence in the violations of law alleged herein; and

    D.    Whether Class members are entitled to compensatory, injunctive, and other equitable relief;

    E.    The proper amount of reasonable litigation expenses and attorneys' fees.

49. Plaintiff's claims are typical of class members' claims in that they are based on the same underlying facts, events, and circumstances relating to Magna-Rx, Inc.'s conduct.

50. Absent Defendant's deceptive claims, Plaintiff and the Class members would not have purchased Magna-Rx+.

51. Plaintiff will fairly and adequate represent and protect the interests of the class, has no interests incompatible with the interests of the class, and has retained counsel competent and experienced in class action litigation.

52. The class is sufficiently numerous, as the class contain at least thousands of members who purchased Magna-Rx+.

53. Class treatment is superior to other options for resolution of the controversy because the relief sought for each class member is small such that, absent representative litigation, it would be infeasible for class members to redress the wrongs done to them.

54. Questions of law and fact common to the class predominate over any questions affecting only individual class members.

55. Defendant has acted on ground applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

56. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

# FIRST CAUSE OF ACTION

## Violations of the Unfair Competition Law, Unlawful Prong

### Cal. Bus. & Prof. Code § 17200 *et seq.*

57. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as set forth in full herein.

58. California Business and Professional Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

59. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "unlawful" business acts and practices in that Defendant's conduct violates the False Advertising Law, the Consumer Legal Remedies Act, and the Lanham Act.

60. Defendant's conduct is further "unlawful" because it violates the FDCA and its implementing regulations in the following ways:

   a. Defendant's deceptive statements violate 21 U.S.C. §§ 343(a) and 352, which deem a food or drug (including nutritional supplements) misbranded when the label contains a statement that is "false or misleading in any particular";

   b. Defendant's deceptive statements violate 21 C.F.R. § 101.14(b)(3)(i), which mandates "substances" in dietary supplements consumed must contribute and retain "nutritive value," as defined under 21 C.F.R. § 101.14(a)(2)(3) when consumed at levels necessary to justify a claim;

   c. Defendant's deceptive statements are *per se* false and misleading because the FDA has ruled there is a lack of adequate data to establish general recognition of the safety and effectiveness of any of the ingredients in Magna-Rx+, or any other ingredient, for OTC use as an aphrodisiac; and labeling claims for aphrodisiacs for OTC use are "either false, misleading, or unsupported by scientific data." 21 C.F.R. § 310.528(a);

    d. Defendant's deceptive statements violate 21 CFR § 310.528(b), which mandates that any OTC product that is labeled, represented, or promoted for use as an aphrodisiac, like Magna-Rx+, is regarded as a "new drug" within the meaning of 21 U.S.C. § 355(p), but Defendants do not have new drug approval for Magna-Rx+ or its labeling, as required under the FDCA and its implementing regulations. Accordingly, Defendant's Product is misbranded under section 502(f)(1) of the FDCA;

    e. Defendant's Product also violates the FDCA because, as an unapproved new drug and aphrodisiac, Magna-Rx+ cannot be generally recognized as safe and effective in the absence of a new drug application as set forth in the FDCA and its implementing regulations. 21 C.F.R. § 310.528(a);

61. Defendant's conduct is further "unlawful" because it violates the California Sherman Food, Drug, and Cosmetic Law, *see* Cal. Health & Safety Code § 109875-111900, which incorporates the provisions of the FDCA. *See id.* §§ 110110-110115.

62. In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

## SECOND CAUSE OF ACTION

**Violations of the Unfair Competition Law, Unfair and Fraudulent Prongs**

**Cal. Bus. & Prof. Code § 17200 *et seq.***

63. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as set forth in full herein.

64. California Business and Professional Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

65. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein also constitute "unfair" business acts and practices under the UCL in that Defendant's conduct is immoral, unscrupulous, and offends public policy by

seeking to profit from male vulnerability to false or deceptive virility or aphrodisiac claims. Further, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

66. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "fraudulent" business acts and practices under the UCL in that Defendant's claims are false, misleading, and have a tendency to deceive the Class and the general public, as detailed herein.

67. In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

68. Plaintiff further seeks an order for the disgorgement and restitution of all monies from the sale of the Defendant's Product, which were acquired through acts of unlawful, unfair, and/or fraudulent competition.

## THIRD CAUSE OF ACTION

### Violations of the False Advertising Law,

### Cal. Bus. & Prof. Code § 17500 *et seq.*

69. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as set forth in full herein.

70. In violation of California Business and Professional Code § 17500 *et seq.*, the advertisements, labeling, policies, acts, and practices described herein were designed to, and did, result in the purchase and use of Magna-Rx+.

71. Defendant knew and reasonably should have known that the labels on Defendant's Product were untrue and/or misleading.

72. As a result, Plaintiff, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

## FOURTH CAUSE OF ACTION

### Violations of the Consumer Legal Remedies Act,

### Cal. Civ. Code § 1750 *et seq.*

73. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as set forth in full herein.

74. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

75. Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of Defendant's Product for personal, family, or household purposes by Plaintiff and class members, and violated and continue to violate the following sections of the CLRA:

    a.    § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

    b.    § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

    c.    § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

    d.    § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

76. As a result, Plaintiff and the Class have suffered irreparable harm, seek, and are entitled to, actual damages, punitive damages, injunctive relief, and restitution.

77. Pursuant to section 1782 *et seq.* of the CLRA, Plaintiff notified Defendant in writing by certified mail of the particular violations of § 1770 of the Act as to the Product and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. Defendant's wrongful

business practices regarding the Product constituted, and constitute, a continuing course of conduct in violation of the CLRA since Defendant is still representing that the Product has characteristics, uses, benefits, and abilities which are false and misleading, and have injured Plaintiff and the Class.

78. Because Defendant failed to implement remedial measures, Plaintiff seeks actual and punitive damages for his CLRA claims.

## PRAYER FOR RELIEF

54. Wherefore, Plaintiff, on behalf of himself, all others similarly situated and the general public, prays for judgment against Defendant as to each and every cause of action, and the following remedies:

A. An Order declaring this action to be a proper class action and appointing undersigned counsel as class counsel;

B. An Order requiring Defendant to bear the cost of class notice;

C. An Order compelling Defendant to conduct a corrective advertising campaign;

D. An Order requiring Defendant to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

E. An Order compelling Defendants to destroy all misleading and deceptive advertising materials and Product labels;

F. An Order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the CLRA, plus pre-and post-judgment interest thereon;

G. An Order awarding costs, expenses, and reasonable attorneys' fees; and

H. Any other and further relief that Court deems necessary, just, or proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: September 15, 2014 | /s/ Ronald A. Marron |
| | **LAW OFFICES OF RONALD A. MARRON, APLC** |
| | RONALD A. MARRON |
| | *ron@consumersadvocates.com* |
| | SKYE RESENDES |
| | *skye@consumersadvocates.com* |
| | ALEXIS M. WOOD |
| | *alexis@consumersadvocates.com* |
| | 651 Arroyo Drive |
| | San Diego, CA 92103 |
| | Phone: (619) 696-9006 |
| | Fax: (619) 564-6665 |
| | |
| | ***Attorneys for Plaintiff and the Proposed Class*** |