LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-07196 BRO (SHx)** | Date | December 18, 2014 |
|---|---|---|---|
| Title | **TREVOR DIXON V. MAGNA-RX, INC.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

A federal court must determine its own jurisdiction even if there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332(d). Under § 1332(d), a federal district court has jurisdiction over a civil class action in which the class has minimum diversity and more than 100 members and in which the amount in controversy exceeds $5,000,000.

Plaintiff Trevor Dixon alleges that this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), "because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because more than two-thirds of the members of the class reside in a state other than the state in which Defendant is a citizen." (Compl. ¶ 5.) To establish jurisdiction under CAFA, however, Plaintiff must plead facts from which the Court can conclude that "(1) there are one-hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of costs and interest." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 804 (9th Cir. 2010). Plaintiffs bear the burden of demonstrating that jurisdiction is properly before the court, *see Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.1979), and their bare jurisdictional statement fails to satisfy these elements.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07196 BRO (SHx) | Date | December 18, 2014 |
|---|---|---|---|
| Title | TREVOR DIXON V. MAGNA-RX, INC. | | |

First, although Plaintiffs allege that over two-thirds of the purported class members "reside in a state other than the state in which Defendant is a citizen," the only named parties are Plaintiff Dixon—a California resident—and Defendant Magna-Rx, Inc.—a California corporation with its principal place of business in California. (Compl. ¶¶ 7–8). And while it is easily conceivable that Defendant has sold the product at issue to purported class members who are citizens of states other than California, Plaintiffs nowhere allege explicitly that this is the case. For diversity purposes, a person is a citizen of a state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Nevertheless, because "place of residence is prima facie the domicile," *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), Plaintiffs most likely could cure this defective citizenship allegation by amendment, *see Kanter*, 265 F.3d at 858; *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011); *see also* 28 U.S.C. § 1653. At this point, however, Plaintiffs have failed to satisfy this simple pleading requirement.

Second, Plaintiffs have sufficiently pleaded class numerosity by alleging that the purported class contains "at least thousands of members who purchased Magna-Rx+." (Compl. ¶ 52.) They have not, however, satisfied the third pleading requirement of CAFA, which requires demonstrating that "the matter in controversy exceeds the sum or value of $5,000,000." Here, Plaintiffs have alleged that the cost of the product at issue was "approximately $50," but they have not alleged how many products were sold or any other factual basis for determining that the amount in controversy exceeds $5,000,000. For example, Plaintiffs seek restitution of their money (presumably at $50 per sale), (Compl. ¶ 54(F)), but even assuming that Plaintiffs' reference to "thousands of members" refers to a class of 10,000, that makes the amount in controversy only $500,000. And while Plaintiffs also seek disgorgement of profits, (Compl. ¶ 54(D)), Plaintiffs have not provided any information that Defendant has actually earned a profit from these sales.

Moreover, because there is not complete diversity of citizenship and Plaintiffs' causes of action are all based on California law, there is not an alternative jurisdictional theory on which Plaintiffs can rely. Accordingly, as Plaintiffs have failed to satisfy the pleading requirements of CAFA, it remains unclear whether this Court has jurisdiction

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-07196 BRO (SHx)** | Date | December 18, 2014 |
|---|---|---|---|
| Title | **TREVOR DIXON V. MAGNA-RX, INC.** | | |

over this case.  The Court therefore **ORDERS** Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff must respond by no later than **9 a.m. on Monday, December 22, 2014**.

**IT IS SO ORDERED.**

: 

Initials of Preparer     rf